UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOEL D. BOUSE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | )   CAUSE NO. 3:05-CV-659 RM |
| | ) |
| JOHN VANNATTA, *et al.*, | ) |
| | ) |
| Defendants | ) |

## OPINION AND ORDER

Joel Bouse, a prisoner confined at the Miami Correctional Facility ("MCF"), submitted a complaint under 42 U.S.C. § 1983 alleging that Indiana Department of Correction ("IDOC") officials violated his federally protected rights. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In

> reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Bouse brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. Bell v. City of Milwaukee, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

Mr. Bouse alleges that numerous IDOC officials violated the First Amendment's free exercise clause and the Fourteenth Amendment's equal protection clause when they refused to allow him to possess religious materials and newsletters. Under the First Amendment, prisoners "retain the right to practice their religion to the extent that such practice is compatible with the legitimate penological demands of the state." Al-Alamin v. Gramley, 926 F.2d 680, 686 (7th Cir. 1991). Courts do not substitute their judgment for that of prison administrators "in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these conditions." Pell v. Procunier, 417 U.S. 817, 827 (1974). The Fourteenth Amendment's equal protection clause directs that "all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center,

2

473 U.S. 432, 439 (1985).

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Giving Mr. Bouse the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say no relief could be granted against defendants John VanNatta, W. C. Peterson, Terry Moore, Kenny Banks, Correctional Officer Miller, Jodi Mann, and Doris Woodruff under any set of facts that could be proved consistent with his allegations.

The Indiana Department of Correction has an offender grievance system by which inmates may seek an administrative remedy. Mr. Bouse attempted to resolve his problems through the this procedure, but grievance officials Linda VanNatta, Kelly Wright, Brenda Bowman, Shannon DeFord, Grievance Committee Member Lower, Jeffry Zoll, and Amy Clark granted him no relief.

The Constitution does not require that a prison provide a grievance procedure, Jones v. Brown, 300 F.Supp.2d 674, 679 (N.D. Ind. 2003); alleged violations of prison grievance procedures state no claim under § 1983. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.); and that prison officials ignore or deny a prisoner's grievance does not violate the Fourteenth Amendment's due process clause. Wilson v. VanNatta, 291 F.Supp.2d 811, 819 (N.D.Ind. 2003). Accordingly, that these defendants may have denied Mr. Bouse the relief he sought in his grievances states no claim upon which relief can be granted.

Finally, Mr. Bouse alleges that IDOC Commissioner J. David Donahue violated his First, Fourteenth, and Eighth Amendment rights by establishing policies that allowed his

subordinates to disallow religious materials and discriminate against non Judo-Christian faiths. The Eighth Amendment deals with conditions of confinement, and nothing in Mr. Bouse's complaint implicates the Eighth Amendment's prohibition against cruel and unusual punishments. That MCF officials may have interpreted IDOC policies in such a manner as to violate Mr. Bouse's First and Fourteenth Amendment rights does not implicate Commissioner Donahue. Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, Starzenski v. City of Elkhart, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. Benson v. Cady, 761 F. 2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, which allows a superior to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

    For the foregoing reasons, the court:

        (1) GRANTS the plaintiff leave to proceed against defendants John VanNatta, W. C. Peterson, Terry Moore, Kenny Banks, Correctional Officer Miller, Jodi Mann, and Doris Woodruff in their individual capacities for damages and in their official capacities for declaratory and injunctive relief on his claims under the First Amendment's free exercise clause and the Fourteenth Amendment's equal protection clause;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1), DISMISSES all other claims, and DISMISSES Kelly Wright, Brenda Bowman, Shannon DeFord, Grievance Committe Member Lower, Jeffry Zoll, Amy Clark, Linda VanNatta, and J. David Donahue;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS defendants John VanNatta, W. C. Peterson, Terry Moore, Kenny Banks, Correctional Officer Miller, Jodi Mann, and Doris Woodruff to respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) DIRECTS the clerk to file the complaint, DIRECTS the marshals service to effect service of process on John VanNatta, W. C. Peterson, Terry Moore, Kenny Banks, Correctional Officer Miller, Jodi Mann, and Doris Woodruff, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED.

ENTERED: April 25, 2006

           /s/ Robert L. Miller, Jr.
           Chief Judge
           United States District Court