UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOEL D. BOUSE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-659 RM |
| ) | |
| JOHN VANNATTA, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Joel Bouse, filed this complaint in this case while he was confined at the Miami Correctional Facility ("MCF"), under 42 U.S.C. § 1983 alleging that MCF officials violated his federally protected rights. The court screened the complaint pursuant to 28 U.S.C. § 1915A, dismissed all defendants except John VanNatta, Walter C. Peterson, Terry Moore, Kenny Banks, Nicholas Miller, Jodi Mann, and Doris Woodruff, and dismissed all claims except the claims under the First Amendment's free exercise clause and the Fourteenth Amendment's equal protection clause. The court later dismissed defendant Banks pursuant to FED. R. CIV. P. 4(m).

Mr. Bouse has now submitted an amended complaint. Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be "freely given when justice so requires," but 28 U.S.C. § 1915A requires the court to screen proposed amended complaints submitted by prisoners. Zimmerman v. Hoard, 5 F. Supp.2d 633 (N.D.Ind. 1998).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.

> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Bouse's amended complaint repleads the First Amendment Free Exercise and the Fourteenth Amendment due process claims that survived screening in the original complaint. He also repleads the Eighth Amendment claim that was dismissed in the court's screening order, and adds claims under The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 28 U.S.C. § 2000cc.

Nothing in Mr. Bouse's amended complaint implicates the Eighth Amendment's prohibition against cruel and unusual punishments. Mr. Bouse's First Amendment's free exercise clause and the Fourteenth Amendment's equal protection claims about his treatment at the Miami Correctional Facility would continue to state a claim, and giving him the benefit of the inferences to which he is entitled at the pleadings stage, allegations that MCF officials prevented him Bouse from possessing religious materials and newsletters might well be a substantial burden on exercising his religion, and the court cannot say no relief could be granted under any set of facts that could be proved consistent with his

RLUIPA claims.

But two other portions of Mr. Bouse's amended complaint establish that he no longer states a claim against the defendants in this case. In his amended complaint, Mr. Bouse states: "I still only want my expenses for postage, copies, filing fees, etc. and to be allowed to practice my religious beliefs as set forth by the law and Constitution." (Amended Complaint at p. 5). Thus, Mr. Bouse seeks costs and injunctive relief, but not damages.

The events Mr. Bouse complains of occurred at the Miami Correctional Facility, and the defendants are MCF officials. The amended complaint establishes that Mr. Bouse is no longer at the Miami Correctional Facility; he is now confined at the Pendleton Correctional Facility. Accordingly, his injunctive relief claims are moot. When "a prisoner is transferred to another prison, his request for injunctive relief aginst officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." Higgason v. Farley, 83 F.3d 807, 811 (7th Cir. 1996) (Quotation marks and citations omitted). It is possible that Mr. Bouse may be transferred back to the Miami Correctional Facility, since an inmate can be relocated at any time. *See* Sandin v. Conner, 515 U.S. 472 (1985). But the mere possibility of re-transfer is insufficient. The standard to be applied is whether he is "likely to be retransferred." There is no reasonable basis that he is "likely to be retransferred" to the Miami Correctional Facility. so the court must dismiss Mr. Bouse's injunctive relief claims. Because Mr. Bouse sought only injunctive relief and costs, dismissal of his injunctive relief claims leaves nothing before the court.

For the foregoing reasons, the court:

    (1) GRANTS the plaintiff leave to file his amended complaint and

DIRECTS the clerk to file the amended complaint; and

(2) Pursuant to 28 U.S.C. § 1915A(b)(1), DISMISSES the amended complaint and DIRECTS the clerk to enter judgment against the plaintiff and in favor of the defendants.

SO ORDERED.

ENTERED: September  22 , 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court